# Wytheville.

## McMurray and Others v. Dixon.

### June 28, 1906.

Absent, Keith, P.

1. Limitation of Actions—*Ejectment—Wife's Common Law Lands—Action by Husband and Wife—Survival of Wife.*—An action of ejectment, in the name of husband and wife, to recover the common law lands of the wife, must, if the husband be living at the time of trial, be brought within the statutory period, without deduction, on account of the coverture of the wife; but if the husband be dead and the action survives to the wife, the period of her coverture is deducted, provided the whole time elapsing from the time the right of action accrued until action brought does not exceed twenty years.

2. Ejectment—*Plaintiff's Title—Title of Possession—Burden of Proof.*— Generally a plaintiff in ejectment must recover on the strength of his own title and not on the weakness of that of the defendant, but a party ousted of a peaceable possession may recover upon his possession merely, and his right of recovery can only be resisted by the defendant who ousted him showing either that he has title in himself or authority to enter under the title.

3. Instructions—*Harmless Error—Case at Bar.*—Where the proof is clear that a married woman purchased land in 1874, and there is no proof tending to show that it was her equitable separate estate, it is harmless error to tell the jury, in an instruction, that if she purchased the land prior to 1878 it was her common law land, as the first act creating statutory separate estates was not passed until April 4, 1877.

4. Freehold—*Disclaimer—Disputed Boundaries—Compromise.*—A disclaimer of a freehold estate can only be made in this State by deed, or in a court of record. In the case of disputed boundaries, the parties may agree upon a line, by way of compromise, and if they take

and hold possession up to that line for the requisite statutory period the mere possession will, in time, ripen into·title; but no mere parol agreement to establish a boundary and thus exclude from the operation of a deed land embraced therein can divest, change, or affect the legal rights of the parties growing out of the deed itself.

5. EJECTMENT—*Case at Bar—Verdict Contrary to Evidence.*—The verdict in the case at bar, which is an action of ejectment, is not contrary to the evidence. The plaintiff shows title by adverse possession for the statutory period, and the defendants do not trace their title to the Commonwealth, nor does it appear that they, or those under whom they claim, had any title to the land in controversy when they entered upon it, nor continuous and exclusive possession of any part of it for ten years prior to the institution of this action.

Error to a judgment of the Circuit Court of Scott county in an action of ejectment. Judgment for the plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Richmond & Bond,* for the plaintiffs in error.

*S. W. Coleman,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

In May, 1902, John Dixon and Martha, his wife, instituted an action of ejectment against the plaintiffs in error to recover a small parcel of land described in their declaration. Upon the trial of the cause, the male plaintiff having prior to that time departed this life, there was a verdict and judgment in favor of the surviving plaintiff for the land sued for. To that judgment this writ of error was awarded.

The first assignment of error is to the action of the court in giving instruction No. 1, offered by the plaintiff, which is in the following words:

"The court instructs the jury that if they believe, from the evidence, the plaintiff was a married woman prior to the 10th day of March, 1878, and that her coverture continued up to the institution of this suit, and that she purchased a tract of land, which includes the land in controversy in this action, from J. C. Larkey, in the year 1874, and took the said Larkey's title bond therefor, and that the plaintiff was in actual possession of any part of her said tract, as called for by her title papers from said Larkey, claiming the title to the whole of her tract, and the defendants, or those under whom they claim, entered and took possession of any part of said premises within twenty years next preceding the institution of this action, the plaintiff, at the time of such entry by the defendants, being a married woman, then they should find for the plaintiff, unless they should further find that the defendants were the true owners of said land or authorized by the true owners to enter thereon. And the burden is on the defendants to prove by a clear preponderance of evidence that they were the true owners, or authorized by the true owners to so enter."

Two objections are urged to this instruction—one as to the statute of limitations applicable to the case, and the other as to the burden of proof.

As to the first objection, the plaintiffs in error insist, as the action was brought in the name of the husband and wife, that the ten years' statute applicable to the husband, who was under no disability to sue, and not the twenty years' statute, applicable to a married woman, where the cause of action arose during coverture, fixes the period of limitation.

If the husband, who was married to the plaintiff prior to

1877, had been living at the time of the trial, the ten years' statute would have been applicable. *Caperton* v. *Gregory,* 11 Gratt. 505, 510-12; Code, sec. 2915.

It does not appear when the husband died, but, upon his death the cause of action survived to his wife (Code, sec. 3306; 1 Min. Inst. (4th ed.) and cases cited), and was proceeded in at and after the July term, 1901, when the defendants entered their plea of not guilty, in her name as the sole plaintiff in the cause. Section 2918 of the Code provides that where a person is under disability when the cause of action arises no action shall be brought to recover land but within twenty years next after the time at which such right shall have accrued. If the facts hypothetically stated in the instruction complained of were true the plaintiff came within the provisions of that statute, and the court did not err in so telling the jury. 4 Min. Inst. (3d ed.) 620-21.

The other objection to that instruction is that it was error to tell the jury that the burden of proof was on the defendants to prove that when they entered upon the land in the possession of the plaintiff they were the true owners, or authorized by the true owners, to so enter.

It is no doubt true, as a general rule, that the right of a plaintiff in ejectment to recover rests on the strength of his own title, and not upon the defects of the defendant's title. But there are exceptions to this rule as well established as the rule itself; and one of these exceptions is that the party ousted may recover the premises in ejectment upon his possession merely, and his right to recover can only be resisted by showing that the defendant, who entered upon and ousted his possession, either has title himself or authority to enter under the title. *Tapscott* v. *Cobbs,* 11 Gratt. 172, 177-8. It manifestly is not the duty of the plaintiff in such a case to prove that a defendant, who

has ousted him of his possession, is not the true owner, or had no authority to enter.

Errors are assigned in the petition to the action of the court in giving instructions numbered two and three, offered by the plaintiff; but in the brief the assignment of error to instruction No. 2 seems to be abandoned, and properly so. The only objection made in the brief to instruction No. 3 is that it erroneously told the jury that upon the case hypothetically stated in the instruction the plaintiff had twenty years within which to bring her action, after the right to do so accrued. This is the same objection that was made to instruction No. 1, and cannot be sustained for the reasons given in overruling the same objection to that instruction.

The giving of instruction No. 4, offered by the plaintiff, is assigned as error. That instruction is as follows:

"The court further instructs the jury that if they believe, from the evidence, that the plaintiff purchased the land in controversy from J. C. Larkey prior to 1878, it was her common law estate, and if the defendants entered upon the land and ousted her from the possession of any part thereof by enclosing, cultivation, or otherwise, excluding the plaintiff from such part, then the plaintiff's right of action is not barred until the expiration of twenty years from such entry by the defendants, if they believe the coverture continued for the period of twenty years after such entry of the defendants."

The objection made to it is that it told the jury that if the plaintiff purchased the land prior to 1878 it was her common law estate, when at that time she could acquire both an equitable and a statutory separate estate.

There was no proof whatever in the case which tended to show that the land was the plaintiff's equitable separate estate. It could not have been her statutory separate estate, because the

evidence showed that she purchased it in the year 1874, prior to the passage of the act of April 4, 1877, which was the beginning of the legislation in this State securing to married women what is known as their statutory separate estate. If there had been any evidence tending to show that the purchase was made after the act of April 4, 1877, went into effect, fixing the time, prior to which she must have purchased, in the year 1878 would have been reversible error; but as the uncontradicted evidence is that the purchase was made in 1874, no possible injury could have resulted from fixing the time in 1878 instead of the time when the act of April 4, 1877, went into effect.

The refusal of the court to give two instructions asked for by the defendants is assigned as error. Those instructions are as follows:

### No. 1.

"The court tells the jury that if they believe, from the evidence that Hamilton & Bailey, or either of them, before they sold the land in controversy to Joel McMurray, went to the plaintiff and asked her about the land, and she told them she did not claim the same, and for them to sell it, then she is estopped from setting up claim to the land, and they should find for the defendants."

### No. 2.

"The court further tells the jury that if they believe, from the evidence, that the plaintiff did not claim the land in controversy beyond her fence, and so stated to Hamilton & Bailey, the jury should find for the defendants."

Both of these instructions were properly refused. It is

settled law in this State that the disclaimer of a freehold estate can only be made by deed, or in a court of record. In the case of disputed boundaries the parties may agree upon a line, by way of compromise, and if they take and hold possession up to that line the requisite statutory period, the mere possession will, in time, ripen into title. But no mere parol agreement to establish a boundary and thus exclude from the operation of a deed land embraced therein can divest, change or affect the legal rights of the parties growing out of the deed itself. *Suttle v. R., F. & P. R. Co.,* 76 Va. 284, 286-7; *Fry* v. *Stowers,* 98 Va. 417, 36 S. E. 482.

The remaining assignment of error is to the action of the court in refusing to set aside the verdict of the jury because contrary to the law and the evidence.

The evidence tends to show that the tract of 60 acres of land, purchased by the plaintiff in 1874, lay wholly within the boundaries of the 1,700-acre tract, purchased by Hamilton & Bailey in 1887; that the land in controversy is a part of the 60-acre tract; that the plaintiff immediately upon her purchase in 1874 entered upon and has ever since resided upon it; that she fenced, cleared and cultivated a portion of it, and held the exclusive and continuous possession thereof, claiming title to the whole tract, as described in her title bond until the year 1887, a period of more than ten years; that no one claiming title to the 1,700-acre tract was ever in the actual possession of that tract or any part thereof prior to 1887, which was after the plaintiff's claim had ripened into perfect title and become absolute (except as to her vendor), thus enabling her to recover possession against what was once a better title. *Taylor* v. *Burnsides,* 1 Gratt. 165, 189; *Nowlin* v. *Reynold,* 25 Gratt. 137, 141.

The claimants of the 1,700-acre tract do not trace their title to the Commonwealth, nor does it appear that the defendants,

or those under whom they claim, had any title to the land in controversy when they entered upon it; neither does it satisfactorily appear that they, or those under whom they claim, had the continuous and exclusive possession of the land in controversy or any part of it prior to the year 1892, not only less than twenty, but less than ten years before the institution of the plaintiff's action.

Upon the evidence in the cause the jury were not only justified in finding the verdict they did, but it is not at all clear that any other verdict could be sustained.

We are of opinion that there is no error in the judgment complained of, and that it must be affirmed.

*Affirmed.*