# Richmond

## HAMMAN AND OTHERS V. MILLER.

### November 12, 1914.

1. BOUNDARIES—*Acts* 1912, *pp.* 133-4—*Evidence—Admissibility.*—In a proceeding under Acts 1912, pp. 133-4 to ascertain and designate the boundary line of real estate, evidence which would have been admissible in an action of ejectment or unlawful detainer involving the boundary line between said parcels of land, is competent and should be received.

2. BOUNDARIES—*Location on Ground—Evidence—Admissibility—Old Fence.*—On the question as to the location on the ground of the boundary line between two parcels of land, evidence which tends to show that an old fence was on or intended to be on that line, and that the parties or their predecessors in title had recognized it in whole or in part as the line between the two parcels by the manner in which the said parcels had been used, is admissible.

3. BOUNDARIES—*Corners of Adjacent Tracts—Deeds to Adjacent Lands Admissible.*—It is a common practice in actions of ejectment for surveyors to run from established corners of adjacent lands, though owned by others than parties to the litigation, as a means of ascertaining corners or lines in dispute. Whenever deeds or grants conveying adjacent land tend to identify and fix a disputed boundary, the general rule is that they are admissible in evidence.

4. APPEAL AND ERROR—*Case Heard by Trial Court—Rule of Decision When Evidence Is Certified.*—Where a case at law is submitted to a court for its decision, without the intervention of a jury, and a party excepts to the decision on the ground that it is contrary to the evidence, and the evidence, and not the facts, is certified, the rule of decision in the appellate court is to give the judgment of the trial court upon the evidence the same effect as if it were the verdict of a jury.

5. BOUNDARIES—*Proceeding under Acts* 1912, *p.* 133—*Right of Court to Order Survey of Its Own Motion.*—The provision of the act of March 4, 1912 (Acts 1912, pp. 133-4) authorizing the court to

direct surveys to be made on the application of either party, was not intended to prevent the court of its own motion from ordering such survey or surveys as it might deem necessary to give effect to its judgment as to what constituted the boundary between the parties by locating and marking the line on the ground. It is not only the right, but the duty, of the court to have such survey or surveys made whenever deemed proper.

6.  BOUNDARIES—*Report of Surveyor—Objections to.*—Objections to a surveyor's report (in a proceeding under the statute to ascertain boundaries) on the ground that the directions to the surveyor were too indefinite, that the survey was made during the term at which it was ordered without notice, that it involved persons not parties to the proceedings, and that plaintiffs in error were not permitted to except to the action of the surveyor or to the survey, are without merit, and should be overruled where it appears that the directions to the surveyor told him at what point to begin and to what points he should run in making the survey, and the survey was ordered to be made forthwith and was made the next day; and the surveyor reports that it was made in accordance with the court's direction, and there was no exception to the report by either party, either on the ground that it was not made in accordance with the court's direction, or that he did not have notice when the survey was made (if any notice was necessary in making such a survey) and where there is nothing to show that either party was prevented from excepting to the surveyor's report.

7.  BOUNDARIES—*Offer of Compromise—Refusal to Accept.*—Where a defendant in a petition to ascertain a boundary between him and the plaintiff has refused to accept an offer of a compromise line made in said petition, and has denied the right of the plaintiff to the line both in his pleadings and proof, he has no right to claim any benefit from such offer.

· Error to a judgment of the Circuit Court of Shenandoah county in a proceeding to ascertain a boundary under act of March 4, 1912. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

· *Walton & Walton* and *F. H. Brumback,* for plaintiffs in error.

*Tavenner & Bauserman,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This proceeding was instituted by the defendant in error against the plaintiffs in error and others to fix a disputed boundary line between the lands owned by the parties respectively under the provisions of an act of the legislature entitled, "An act to authorize the ascertainment and designation of the boundary lines of real estate," approved March 4, 1912. Acts of 1912, pp. 133-4.

Upon a hearing of the cause a jury was waived and all matters of law and fact were submitted to the court for its decision, and a judgment was entered establishing the line ascertained by it to be the true boundary line between the parties. To that judgment this writ of error was awarded, upon the petition of Fannie Hamman and Kate Hamman, two of the defendants in the trial court.

The defendant in error was permitted over the objections of the plaintiffs in error to introduce witnesses "who were asked as to the existence of a line fence and where the old fence was located, and whether the land was cultivated on both sides of the fence." This action of the court is assigned as error.

The act under which this proceeding was instituted provides that "the trial shall be conducted as other trials at law and the same defenses may be made as in other actions at law . . ."

Both parties claimed under a deed partitioning the lands of Philip Baker, made in the year 1834, and one of the disputed questions in the case was as to the location on the ground of the line of division between lots No. 2 and No. 3 in that partition. The evidence in question tended to show that the old fence was on, or intended

to be on, that line, and that the parties or their predecessors in title had recognized it in whole or in part as the line between the two tracts by the manner in which the said parcels had been used.

There can be no question that such evidence would have been admissible in an action of ejectment or unlawful detainer, involving the boundary line between said parcels of land. By the terms of the act itself as well as upon general principles, it was competent evidence in this proceeding. 1 Elliott on Ev., sec. 179.

The action of the court in permitting certain deeds calling for a corner at a hickory and two black oaks, "to be put in evidence, is assigned as error."

The objection made to these deeds was, "that they were not connected with or in any sense related to the Hamman line" (the line in controversy).

In the old deed of partition made by Philip Baker in 1834, lots Nos. 4, 5, 6 and 7 in that partition each call for cornering on "a small hickory and two small black oaks." It is true that neither lot No. 2 nor No. 3 calls for that corner, but that fact did not render the deeds objected to inadmissible as evidence, if the establishment of the corner at the hickory and the two small oaks tended to aid, as it did, the court in ascertaining the line in dispute. It is a common practice in actions of ejectment for surveyors to run from established corners of adjacent lands, though owned by others than parties to the litigation, as a means of ascertaining corners or lines in dispute. Whenever deeds or grants conveying adjacent land tend to identify and fix a disputed boundary, the general rule is that they are admissible in evidence. See 5 Cyc. 958, 962, 966; *Overton* v. *Davisson,* 1 Gratt. (42 Va.) 212, 222, 42 Am. Dec. 544; *Reusens* v. *Lawson,* 91 Va. 232, 21 S. E. 347.

Another error assigned is that the line as ascertained

and designated by the judgment of the court is not in accordance with the evidence.

The evidence introduced by the parties to sustain their respective contentions as to the boundary line in dispute is conflicting. While the line as ascertained by the court is not in accord with the contentions of either party, its judgment is not only not contrary to the evidence, but is fully supported by it when considered as on a demurrer to evidence, as it must be by the terms of section 3484 of Pollard's Code. Where a case at law, as this was, is submitted to the court for its decision without the intervention of a jury and a party excepts to the decision on the ground that it is contrary to the evidence, and the evidence and not the facts is certified, as in this case, the rule of decision in the appellate court is to give the judgment of the trial court upon the evidence the same effect as if it were the verdict of a jury. *Martin* v. *Richmond Ry. Co.,* 101 Va. 406, 44 S. E. 695; *Gray* v. *Rumrill,* 101 Va. 507, 44 S. E. 697.

After the court had ascertained and designated by calls the disputed boundary line, it of its own motion, "in order that the position of said boundary line may be made permanent," directed the county surveyor "to make forthwith a survey of said line and mark with suitable monuments the said line and report a survey and plat of the same to the court to be made a part of the record of this cause." During the same term of the court the surveyor performed the duties required of him and his report and survey were confirmed by the court, and the survey together with the orders of the court were directed to be recorded in the deed book in the clerk's office of the county of Shenandoah, and the line designated by the survey declared to be the true division or boundary line between the plaintiff and defendants in accordance with its former order in the cause. The action of the

court in directing the survey is assigned as error, and several grounds of objection are stated—one, that the court had no authority of its own motion to direct a survey, since the statute authorizing this proceeding provided that "the court may upon the application of either party to the petition, by order in term time oi vacation, direct such survey or surveys to be made as may be deemed necessary."

The provision quoted was not intended to prevent the court from ordering such survey or surveys as it might deem necessary in order to give effect to its judgment as to what constituted the boundary line between the parties by locating and marking the line on the ground. The court's ascertainment of the boundary line might not be satisfactory to either party. Neither of them might ask for a survey to locate such line on the ground. In such a situation, or in any other when it deemed it necessary to give effect to its decision, it would not only have the right, but it would be the court's duty to have such survey or surveys made as it deemed proper.

Other grounds of objection are that the direction given the surveyor was too indefinite; that the survey was to be made during that term of court without notice; that it involved persons not parties to the proceeding; and that the plaintiffs in error were not permitted to except to the action of the surveyor or to the survey.

The direction given the surveyor told him at what point to begin and to what points he should run in making the survey. The survey was ordered to be made forthwith and was made the next day. The surveyor reports that it was made in accordance with the court's direction, and there was no exception to the report by either party, either on the ground that it was not made in accordance with the court's direction, or that he did not have notice when the survey was made (if any notice

were necessary in making such a survey); nor is there anything to show that either party was prevented from excepting to the surveyor's report. There is no merit, as it seems to us, in either of the said grounds of objection.

In the petition of the defendant in error commencing this proceeding he states that he is willing to accept a certain line described therein as the true boundary line between him and the plaintiffs in error. The line ascertained and designated by the court is more favorable to the defendant in error at certain points than the line described in the petition. It is insisted by the plaintiffs in error that it was error in the court not to hold the defendant in error to the admission made in his petition.

There would be force in that contention if the plaintiffs in error had agreed to the line which the defendant in error stated he was willing to accept as the boundary line. But the petitioner's offer was not accepted; his right to said line was denied by the plaintiffs in error in their pleadings and by their proof. The plaintiffs in error having refused to accept the offer of compromise made in the petition of the defendant in error, they had no right to claim any benefit from such offer.

The court is of opinion that there is no error in the judgment complained of, and that it should be affirmed.

*Affirmed.*