## Richmond.

## HILLIARD V. UNION TRUST COMPANY OF NEW JERSEY AND OTHERS.

### November 14, 1918.

### Absent, Sims, J.

1. APPEAL AND ERROR—*Objections not Raised Below—Non-Jurisdictional Questions.*—Speaking generally, it is the established rule that objections not raised in the lower court (or if in fact made, unless properly presented in the record) will not be considered in the appellate court. Of course, the rule is otherwise where the questions are jurisdictional.

2. APPEAL AND ERROR—*Objections not Raised Below—Non-Jurisdictional Questions.*—If, however, the objection be that the trial court had no jurisdiction of the *subject matter* of the litigation, the objection may be made in the appellate court for the first time. Indeed, if the trial court had no jurisdiction of the *subject matter*, its judgment is a mere nullity and may be treated as such. It may be assailed, directly or indirectly, anywhere, at any time, in any way.

3. APPEAL AND ERROR—*Effect Given Judgment of Trial Court Where Jury is Waived.*—Where a jury was waived and all questions of law and fact submitted to the trial court, and the evidence, and not the facts, is certified, the rule of decision in the appellate court is to give the judgment of the trial court the same effect as the verdict of a jury.

4. APPEAL AND ERROR—*Conflicting Evidence.*—Where the trial court, upon conflicting evidence, determined a question of fact, its finding will not be disturbed upon writ of error.

5. JUDICIAL SALES—*Inadequacy of Price.*—Where the evidence showed that the subject of a judicial sale brought a good price, the testimony of a witness at a subsequent time that he would give a larger price for the property was insufficient to overbalance it. The offer having been made under changed conditions, after the subject of the sale had advanced in price, and the witness having been a bidder at the former sale.

6. JUDICIAL SALES—*Estoppel—Modification of Terms of Sale.*—The owner of property which was sold at a judicial sale, having

procured a modification of the terms of sale, which, in good faith, was complied with by the purchaser, was estopped from objecting to its confirmation.

7. APPEAL AND ERROR—*Interest of Plaintiff in Error—Power of Attorney.*—An instrument executed by a mother to her son, William C. T. Hilliard, concluded as follows: "And I do hereby constitute and appoint William C. T. Hilliard my true and lawful attorney in my name, but at his own costs and charges, to take all legal measures which may be necessary to enforce the stipulations and agreement herein contained and to receive the moneys due or to grow due thereon now in the hands of the sheriff of Rockingham county, Virginia."

*Held:* That, it was the intention of the mother, by the writing in question, to constitute her son her attorney in fact to represent her in the litigation, and not to invest him with her interest in the proceeds of the sale of her land under the order of court; therefore, a motion to dismiss a writ of error on the ground that it was improvidently awarded, because the mother, the plaintiff in error, had previously conveyed all her interest in the subject matter of the litigation to her son, was overruled.

Error to a judgment of the Circuit Court of Rockingham county, in an action of debt and in attachment proceedings ancillary thereto. Judgment for plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*D. O. Deckert* and *J. M. Perry,* for the plaintiff in error.

*Chas. A. Hammer* and *Thos. W. Shelton,* for the defendants in error.

WHITTLE, P., delivered the opinion of the court.

The attachment in this case was ancillary to an action of debt instituted in the Circuit Court of Rockingham county by one of the defendants in error, the Union Trust Company of New Jersey, a corporation, against plaintiff

in error, Ann P.. Hilliard, and William C. T. Hilliard, for the recovery of $1,018.39, with interest and costs, due upon a foreign judgment. Neither the validity of the debt nor the attachment is controverted. And many of the assignments of error contained in the petition for a writ of error need not be noticed, since they do not involve jurisdictional questions and were not made the ground of exception in the trial court. Speaking generally, it is the established rule that objections not raised in the lower court (or if in fact made, unless properly presented in the record) will not be considered in the appellate court. Of course, the rule is otherwise where the questions are jurisdictional. Burks' Pl. & Pr., p. 770, *et seq.*

At p. 771, the learned author says: "If, however, the objection be that the trial court had no jurisdiction of the *subject matter* of the litigation, the objection may be made in the appellate court for the first time. Indeed, if the trial court had no jurisdiction of the *subject matter*, its judgment is a mere nullity and may be treated as such. It may be assailed, directly or indirectly,. anywhere, at any time, in any way."

In this instance the *subject matter* of the litigation was the one-half undivided interest of plaintiff in error, Ann P. Hilliard, in a tract of 4,614 acres of mountain land located in Rockingham county. The attachment was lawfully issued and levied upon that interest; and those proceedings were followed by the establishment of plaintiff's claim and judgment and an order of sale in substantial compliance with the statute.

The order of sale directed the sheriff to sell so much of the attached interest in the land as was necessary to discharge the debt and costs. The defendants against whom the claim was asserted not having appeared or been served with a copy of the attachment sixty days before judgment, plaintiff was required to execute bond with personal security as required by Code, section 2983.

It may be observed that a jury was waived and all questions of law and fact submitted to the court; and in such case, where "the evidence, and not the facts, is certified, the rule of decision in the appellate court is to give the judgment of the trial court the same effect as the verdict of a jury." *Martin* v. *Richmond, &c. R. Co.,* 101 Va. 406, 44 S. E. 695; *Gray* v. *Rumrill,* 101 Va. 507, 44 S. E. 697; *Hamman* v. *Miller,* 116 Va. 873, 83 S. E. 382.

The sheriff returned his report of sale of the property to J. R. Foley for $7,000, to the confirmation of which Ann P. Hilliard filed exceptions: (1) Because the advertisement was not in conformity with the order of sale, in this that it announced a sale of her entire undivided one-half interest in the land, whereas the order only directed a sale of so much thereof as was necessary to pay the debt with interest and costs; (2) because the sheriff had no right to conclude, in violation of the terms of the order of sale, that it was not practicable to sell only a part of such interest; (3) because the sale was on credit as to part of the purchase money instead of for cash, as required by the order of sale; and (4) because the property was sold for a grossly inadequate price. These objections to the confirmation of the sale constitute the real matter of controversy in the case.

It appears that on the day of sale, and after the property had been knocked down to the purchaser for $7,000, plaintiff in error, Ann P. Hilliard, by her attorney, procured from the court a modification of the original terms of sale, for cash, and authorizing the officer in lieu thereof to receive from the purchaser cash sufficient to discharge plaintiff's debt and costs, and for the residue of the purchase money to take four bonds with good personal security, in equal instalments, payable to Ann P. Hilliard at six months and one, two and three years respectively, with interest from date. The purchaser in good faith complied with

these terms, and the court confirmed the sale. It is true that the authority of counsel to represent the owner in having the order of sale modified is denied; but the trial court, upon conflicting evidence, resolved that question against her, and upon the authorities cited its finding will not be disturbed upon writ of error.

The same may be affirmed of the fourth ground of exception to the report of sale, namely, that plaintiff in error's undivided moiety in the land sold for a grossly inadequate price. The weight of the evidence showed that the interest brought a good price; and the testimony of a witness at a subsequent time that he would give $10,000 for the property was insufficient to overbalance it. The offer was made under changed conditions, after the land, timber and bark had advanced in price; and besides the witness was a bidder at the former sale. It is plain that plaintiff in error, having procured a modification of the terms of sale, which, in good faith, was complied with by the purchaser, was estopped from objecting to its confirmation.

Other irregularities and errors, if such there were, assigned as error in the petition for a writ of error, were not made grounds of exception in the trial court, and, for the reasons stated, do not demand further notice. A careful review of the record shows a substantial compliance with the attachment statutes; and "a more technical construction * * * would lead to inconvenience in practice, and often to a miscarriage of justice, without any resultant benefits." *Richardson* v. *Hoskins Lumber Co.*, 111 Va. 755, 757, 69 S. E. 935.

Defendants in error submitted a motion to dismiss the writ of error on the ground that it was improvidently awarded, because it was said plaintiff in error had previously conveyed all her interest in the subject matter of the litigation to her son and co-defendant, William C. T. Hilliard. We think that it was the true intent and pur-

pose of Mrs. Hilliard, by the writing in question, to constitute her son her attorney-in-fact to represent her in the litigation, and not to invest him with her interest in the proceeds of sale of the land. The instrument concludes: "And I do hereby constitute and appoint William C. T. Hilliard my true and lawful attorney in my name, but at his own costs and charges, to take all legal measures which may be necessary to enforce the stipulations and agreement herein contained and to receive the moneys due or to grow due thereon now in the hands of the sheriff of Rockingham county, Virginia." The motion to dismiss the writ of error is, therefore, overruled.

We find no reversible error in the orders complained of, and they must be affirmed, and the cause remanded for further proceedings to be had therein not in conflict with the views expressed in this opinion.

*Affirmed.*