## 𝕸𝖞𝖙𝖍𝖊𝖛𝖎𝖑𝖑𝖊.

### REYNOLDS V. WALLACE AND ANOTHER.

June 12, 1919.

Absent, Whittle, P.

1. BOUNDARIES—*Estoppel—Acquiescence.*—In an action of ejectment the entire controversy turned upon the location of the line between the adjoining tracts of plaintiff and defendants. When plaintiff purchased his land his grantor procured a survey thereof with notice to all adjoining landowners, including the defendants' predecessor in title. Defendants' predecessor in title and those claiming under him had apparently acquiesced in the survey for about nine years, when the defendants claimed to have found from an examination of the records in the clerk's office that the survey was not correct. Defendants introduced certain witnesses whose testimony tended to show that the location of the line as indicated by the servey was not correct. Plaintiff objected to the introduction of this testimony upon the ground that defendants' predecessor in title was present and had acquiesced in the line established by the survey, and that the defendants were estopped from denying the correctness of the line. While defendants' predecessor did not offer any objection to the result of the survey at the time, he subsequently told his wife, who is now one of the defendants, that he was not satisfied and "was going to the courthouse and get it straight." Shortly afterwards he died without having given the matter further attention. There was no evidence to show that plaintiff ever knew that a survey was made, or that he was in any way influenced by the connection of defendants' predecessor in title therewith.

   *Held:* That the case did not fall within the influence of the doctrine of estoppel, and that the objection was properly overruled.

2. BOUNDARIES—*Acquiescence—Title.*—Acquiescence and admissions as to boundaries may become very proper and very important evidence in determining where the true boundaries are, and such acquiescense and admissions may exist or be made under circumstances which will estop a landowner from denying them; but they are not in themselves independent sources of

title.   No mere parol agreement to establish a boundary, and thus exclude from the operation of a deed land embraced therein, can divert, change, or affect the legal rights of the parties growing out of the deed itself.

3.   Appeal and Error—*Questions not Raised Below.*—Objection that evidence came from witnesses who did not possess the qualifications necessary to render them competent to testify on the subject, not made in the court below, cannot be raised for the first time on· appeal. ·

4.   Appeal and Error—*Ejectment—Instructions—Harmless Error.*— In an action of ejectment it was admitted in open court that the parties claimed under a common source, and that the plaintiff had a perfect title to the land as described in the declaration.   The entire controversy turned upon the location of the line between the two tracts.   The court instructed the jury, at the request of defendants: (1) That in order to find for the plaintiff they must find title in him; and (2) that the plaintiff must rely on his own title, and not on any defects in the defendant's title.   While these instructions were wholly unnecessary and unimportant, and might very properly have been rejected, they could not have prejudiced the plaintiff, as they simply called to the attention of the jury certain essentials of the plaintiff's right to recover which were conceded to exist, and were not in any way in conflict with the instructions given for the plaintiff, and could not be regarded as having had any tendency to mislead the jury.

5.   Appeal and Error—*Conclusiveness of Verdict.*—Where the preponderance of the evidence as set forth in the record appeared to have favored the plaintiff, but there was evidence tending materially to support the defendant's theory, the verdict of the jury is conclusive upon the appellate court.   .

Error to a judgment of the Circuit Court of Charles City county.   Judgment for defendants.   Plaintiff assigns error.

*Affirmed.*

The opinion states the case.   .

*Henley, Hall, Hall & Peachy,* for the plaintiff in error.   ·

*Nance & Nance,* for the defendants in error.

Kelly, J., delivered the opinion of the court.

This is an action of ejectment. The plaintiff and defendant own adjoining tracts of land acquired from a common source. Defendants concede that the plaintiff has a perfect title to the land as described in the declaration and in the deed under which he claims; but they deny that under a proper interpretation of such description the true boundary line between their land and the land of the plaintiff is the line contended for by the latter. In other words, the entire controversy turns upon the location of the line between the two tracts. The evidence in regard thereto was conflicting. The jury returned a verdict in favor of the defendants, pursuant to which the court entered the judgment under review.

[1, 2]   1. As a part of his case, the plaintiff introduced proof showing that before he purchased the land described in the declaration his grantor procured a survey thereof with notice to all adjoining landowners, including Burrell Bassett, under whom the defendants claim; that Bassett assisted in making the survey; and that he and those claiming under him had apparently acquiesced in the same from the date of the survey in 1905 until about the year 1916, when the defendants claimed to have found from an examination of the records in the clerk's office that the survey was not correct. The defendants, as a part of their evidence, then introduced certain witnesses whose testimony tended to show that the location of the line, as indicated by the survey in 1905, was not correct and that the true location was as now contended for by them. The plaintiff objected to the introduction of all such testimony "upon the ground that Burrell Bassell, under whom the defendants claimed, was present and had acquiesced in the line established by said survey, and that, therefore, the defendants were estopped from denying the correctness of said line." The trial court overruled this objection, and its action in doing so is the ground of the first assignment of error.

It is true that Burrell Bassell was present as a partici-
pant when the line was surveyed in 1905, and did not then
offer any objection to the result, but he subsequently told
his wife, who is now one of the defendants, that he was not
satisfied and "was going to the courthouse and get it
straight." Soon after the survey he became and continued
ill, and died in 1910 without having given the matter fur-
ther attention. There is no evidence to show that the plain-
tiff even knew that a survey was to be made. A plat thereof
was subsequently referred to as a part of the description
in his deed; but it nowhere appears that he knew there
had been a dispute about the line or that he knew of or was
in any way influenced by Bassett's connection therewith.
The case, therefore, does not fall within the influence of the
doctrine of estoppel; and, no claim of title by adverse pos-
session being involved, it necessarily follows that the ob-
jection in question was properly overruled. It could only
have been sustained upon the theory that the establishment
of the line by the survey in 1905 had the legal effect of pass-
ing title. The law as established in this State is to the con-
trary. The latest case involving this question is *Cox* v.
*Heuseman*, 124 Va. 159, 97 S. E. 778, in which this court
said: "Acquiescence and admissions as to boundaries may
become very proper and very important evidence in deter-
mining where the true boundaries are, and such acqui-
escence and admissions may exist or be made under circum-
stances which will estop a landowner from denying them;
but they are not in themselves independent source of title.
'No mere parol agreement to establish a boundary and thus
exclude from the operation of a deed land embraced therein
can divest, change or affect the legal rights of the parties
growing out of the deed itself.' *McMurray* v. *Dixon*, 105
Va. 605, 611, 54 S. E. 481, 483, and cases there cited."

[3] The further objection that the evidence in question
came from witnesses who did not possess the qualifications
necessary to render them competent to testify on the sub-

ject was not made in the court below, and, upon familiar principles, cannot be successfully raised for the first time here.

[4] 2. At the trial the plaintiff asked for three instructions and the defendant for two, all of which were given, and the giving of the latter is assigned as error. The instructions in question told the jury (1) that in order to find for the plaintiff they must find title in him, and (2) that the plaintiff must rely on his own title, and not on any defects in the defendant's title.

It was admitted in open court that the parties claimed under a common source, and that the plaintiff had a perfect title to the land as described in the declaration. These instructions were, therefore, wholly unnecessary and unimportant, and might very properly have been rejected. It is obvious, however, that they could not have prejudiced the plaintiff. They simply called to the attention of the jury certain essentials of the plaintiff's right to recover which were conceded to exist; they were not in any way in conflict with the instructions given for the plaintiff; and they cannot, in any reasonable view of the case, be regarded as having had a tendency to mislead the jury.

[5] 3. The third and last assignment rests upon the action of the court in overruling a motion to set aside the verdict. The grounds of the motion were that the court erred in its ruling upon certain evidence and instructions, and, further, that the verdict was contrary to the law and the evidence. All of these points have been passed upon in connection with the other assignments, the first two specifically, and the third by necessary implication. It may be conceded that the preponderance of the evidence as set forth in the record before us appears to have favored the plaintiff, but there was evidence tending materially to support the defendant's theory, and the verdict of the jury is conclusive upon us. The judgment, therefore, must be affirmed.

*Affirmed.*