# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.[2]

## ROBERTSON v. HOGE.

### APRIL 14th, 1887.

1. ATTACHMENTS—*Real Estate—Levy—Return—Jurisdiction.*—Return of officer must show sufficient levy of the attachment; otherwise, the court has no jurisdiction.

2. IDEM—*Case at bar.*—The return must show that the attachment was levied upon the property as the property of the defendant, in order to make a valid levy on real estate. Code 1873, ch. 148, §§ 7 and 9. And in attachment proceedings in equity against a non-resident, under § 11, a return—the officer's return—that he "served the summons on ———— by delivering a copy to him," and that "he resided on the premises within described," does not show a valid levy.

Appeal from two decrees of circuit court of Alexandria county, rendered May 25th, 1885, and November 18th, 1885, respectively, in attachment proceedings in equity, wherein Willis S. Hoge was complainant and William H. Robertson was defendant. The court refused to quash the attachment on the defendant's motion, and he appealed to this court. Opinion states the case.

*Edmund Burke,* for the appellant.

No appearance for the appellee.

LACY, J., delivered the opinion of the court.

The plaintiff instituted the proceedings in the case against the defendant in Alexandria county, alleging that

he lived in the District of Columbia. A description of the real estate was indorsed on the summons by the clerk, and the sheriff was directed to attach all the right, title and interest of the defendant therein. The sheriff made return that he had served the summons on ——, by delivering him a copy, and that he resided on the premises within described. The defendant moved to quash the attachment, but the court overruled the motion, sustained the attachment, and decreed in May, 1885, an account of liens, and in November, 1886, decreed a sale of the land.

The first question here to be considered is as to the legality of the attachment proceedings. The case is brought under the eleventh section of chapter 148 of the Virginia Code. The indorsement on the summons required the sheriff to attach the interest of the defendant in the real estate mentioned in the same; and section eleven provides that such a direction shall be executed in the same manner as at law. This is prescribed by section seven of the same chapter, which prescribes, as to the levy and return of the attachment, that it shall be sufficiently levied in every case, as to real estate, by such estate being mentioned and described by indorsement on such attachment; and by section nine that the officer shall return the date of the service or execution thereof on each person and parcel of property. The requisites of an attachment of real estate are determined by statute. It is not necessary, under our statute, for the officer to go upon the land, nor in its vicinity, or to see it, or to do any other act than make return upon the writ that he has attached it. In such an attachment no such precision is required as in an attachment of personalty when the property is divested. Any words which clearly indicate that the property has been attached would be held sufficient, the question being one of lien only, which is dependent upon the future decree of the court, and the return of the officer that he had attached the

defendant's interest in certain land might be sufficient, such interest being subsequently defined; and it has been held that it is not necessary that the return should state that the property is the property of the defendant. But by our statute the sheriff is required to attach the real estate of the defendant, and it would seem to be necessary that he should make return accordingly that he attached the same as the property of the defendant.

As has been said by a learned judge: "The return of the officer upon the writ must constitute the foundation of all subsequent proceedings against the property under the attachment. It is only by the return that the court is advised of the levy, and special judgment and execution can only be awarded upon a sufficient levy, and this must be ascertained by the officer's return. The lien arising by virtue of the levy can only attach when the officer strictly complies with the requirements of the statute. The proceedings being in derogation of the common law, and of a violent character, it should affirmatively appear by the officers's return that the provisions of the statute had been strictly observed, as the jurisdiction of the court over the property depends entirely on a legal levy. It is by virtue of the levy authorized by the statute that the court proceeds to render judgment of condemnation against the property. If the levy is defective, the court, acting as a court of limited jurisdiction under a special and stringent statute, has no power to proceed against the land." *Tiffany* v. *Glover*, 3 G. Greene, 387.

In this case no lien was acquired on the real estate of the debtor; there was no valid return on the summons; no attachment was levied on the real estate; and there was no service of the summons upon any designated person holding any estate of the debtor. The circuit court of Alexandria county was therefore without jurisdiction to proceed further against the absent debtor. The jurisdiction of that

court in this proceeding depending solely upon the lawful levy of the attachment upon the property or estate belonging to the absent debtor, and the attachment should have been quashed and abated, and the suit dismissed.

It is unnecessary to go further in this case for the purposes thereof. However little formality might be held requisite in a case where a lien only is sought by the levy, it cannot be held that no levy at all is sufficient. The indorsement by the clerk directing the officer to attach the interest of the defendant in certain real estate cannot be all the statute contemplates. By its terms it is incomplete. It purports to be only a direction to the officer to levy the attachment, and the statute proceeds to direct how this direction shall be executed,—that is, at law; and, when there is no levy and no return by the officer, there is no attachment, no *data* is fixed for the lien to attach, and no estate of any degree is attached. I do not find that this question has before arisen in this court in exactly this form; but in the case of *Pulliam* v. *Aler*, 15 Gratt. 60, it was assigned as error that the attachment was defective in not designating any person in whose hands money or effects of the absent debtor might be found. Judge Allen, citing and interpreting the language of the seventh section cited above, says "that it shall be sufficiently levied in every case, as to real estate, by such estate being mentioned and described by indorsement on such attachment." "*It relates, not to the form of the attachment, and what it should set forth, but is merely directory to the officer as to the mode of service. He is to serve it on the person designated by the plaintiff in writing, and, as to real estate, by mentioning and describing it by indorsement on the attachment,* without regard to the manner in which he acquired his information. This objection relates to the regularity of *the service* of the attachment, and not to the legality and validity of the process itself. The requirements of section

seven relate clearly to the manner of service, with which the clerk was not charged.",

An inspection of the evidence shows, moreover, that the attachment was sued out improvidently. The burden of proof is upon the plaintiff to show that the defendant was not a resident of this State. This he failed to do. The defendant explained his temporary absence from the State, across the State line in the city of Georgetown, to provide medical attendance for his sick wife, and claimed his residence here, which he had not lost by his temporary sojourn in that city.

We think the circuit court of Alexandria county erred in its decrees complained of, and appealed from here, and the same will be reversed and annulled, and a decree rendered here abating the attachment and dismissing the suit.

DECREES REVERSED.