# Richmond.

RICHARDSON v. J. S. HOSKINS LUMBER COMPANY.

January 12, 1911.

Absent, Cardwell, J.

1. ATTACHMENTS—*Levy on Land—Description of Land—Sufficiency of Return—Extrinsic Evidence.*—A return on an attachment that it was levied on a tract of land of the defendant company containing about three hundred and sixty acres, located in the county of M., in the magisterial district of P., of said county, "being the same land conveyed to said company by L. C. Garnett, Esq., special commissioner of Mathews county circuit court, by deed recorded in deed-book No. 15, pp. 58-59," identifies the land with sufficient certainty, both for the purposes of sale and conveyance, without the aid of extrinsic evidence, and is a substantial, if not a literal, compliance with section 2967 of the Code.

2. DEEDS—*Description of Land—Reference to Map—Extrinsic Evidence.*—When a map, plan, survey or deed is referred to for a description of land, it is not to be regarded as extrinsic evidence, but part of the instrument itself.

Appeal from a decree of the Circuit Court of Mathews county, with an ancillary attachment. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*J. N. Stubbs* and *John R. Saunders,* for the appellant.

*J. Boyd Sears* and *Garnett, Pollard & Smith,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

The single question presented by this record involves the action of the circuit court in quashing an attachment against

real estate on the ground that the sheriff's return was insufficient.

Virginia Code, 1904, section 2967, prescribes that such return shall be to the following effect: "Levied on the following real estate of the defendant A. B. (or A. B. and C. D.) to-wit: (Here describe the estate), this the        day of        ."

In construing this statute in *Raub* v. *Otterback*, 92 Va. 517, 23 S. E. 883 (where the estate was described as "*a cotningent interest in the real estate of Philip Otterback, deceased, lying in said county*"), it was held that the return, "Executed upon the tract of land within mentioned," was too vague and uncertain. The court observes: "The levy must contain such general description of the land, and with such substantial accuracy, as will connect it with the sale when made, so that purchasers may know the land, or interest therein, to be sold, and be able to form some estimate of its value; and, further, the levy should describe the land with such precision that it may be easily identified, when conveyed, by looking alone to the levy, without the aid of extrinsic evidence. *Robertson* v. *Hoge*, 83 Va. 124 [1 S. E. 667]; *Brown* v. *Dickson*, 2 Hump. 395 [37 Am. Dec. 560]; *Waters* v. *Duvall*, 11 Gill & Johnson 37 [33 Am. Dec. 693]."

The return in this case is: "Executed on the 17th day of December, 1908, within the county of Mathews, by levying the within attachment on the following real estate of the defendant, the J. S. Hoskins Lumber Company, located in the county of Mathews in the Piankitank magisterial district of said county, containing about three hundred and sixty acres, being the same land conveyed to said company by L. C. Garnett, Esq., special commissioner of Mathews county circuit court, by deed recorded in deed book 15, pp. 58-59 * * * *."

This return identifies the land with sufficient certainty, both for purposes of sale and conveyance, without the aid of extrin-

sic evidence, and is a substantial, if not a literal, compliance with the statute. It is a familiar principle, that where a map, plan, survey or deed is referred to for a description of land, it is not to be regarded as extrinsic evidence, but part of the instrument itself. *Jones* v. *Carter*, 4 Hen. & Munf. 184.

Thus, in *State Savings Bank* v. *Stewart*, 93 Va. 447, 25 S. E. 543, 544, the court, on page 453, says: "Where a map of land is referred to in a deed for the purpose of fixing its boundaries, the effect is the same as if it were copied into the deed. *Cox* v. *Hart*, 145 U. S. 376 [33 L. Ed. 741, 12 Sup. Ct. 962] ; *Jeffries* v. *East Omaha Land Co.*, 134 U. S. 178 [33 L. Ed. 872, 10 Sup. Ct. 518]."

A more technical construction of section 2967 than is herein indicated would lead to inconvenience in practice, and often to a miscarriage of justice, without any resultant benefits.

For these reasons the judgment of the circuit court must be reversed, and the case remanded for further proceedings conformable to the views expressed in this opinion.

*Reversed.*