# JOSEPH W. POINDEXTER AND ELEANOR C. POINDEXTER

## V.

# FLORA ROLLINS BRUCE MOLTON, ET AL.

Record No. 861143

March 3, 1989

Present: All the Justices

*Charles F. Purcell (Purcell & Purcell*, on brief), for appellants.
*Edward M. Rogers (Jay D. Zeiler; Thomas A. Scully; Akin, Gump, Strauss, Hauer & Feld*, on brief), for appellees.

LACY, J., delivered the opinion of the Court.

This case requires determination of ownership interests resulting from a deed of partition simultaneously recorded with a plat when the plat and deed appear to differ as to the specific land involved in the transaction.

In 1905, Jack Rollins died, leaving his sons William and Abram Rollins each a one-half undivided interest in a piece of real property in Louisa County known as the Winston Tract. By 1910, Abram and William had acquired one-half undivided interests in an adjoining tract to the north known as the Saunders Tract. Each tract contained approximately twenty acres.

In 1914, Abram and William and their spouses executed a deed of partition. The deed, attached to a plat which reflected the results of a survey done by C. M. Watkins in February 1914 (the "Watkins survey"), was recorded in the Louisa County Deed Book 33 at pages 198, 199, and 200.

The 1914 deed refers to a tract of land "containing 19 9/100 acres . . . conveyed to William and Thomas Rollins[1] by Susan T. Saunders." It went on to convey "all of the said tract of land lying on the West side of the . . . dividing line and adjoining the said Est. of Jack Rollins, dec'd., Simon Jones and Chas. E. Hughes

---

[1] Thomas Rollins conveyed his interest in this tract to Abram Rollins by deed executed in 1910.

and containing 9 55/100 acres" to Abram Rollins, his heirs and assigns. The 9 55/100 acres of land to the east of the dividing line and adjoining the Charles E. Hughes, J. L. Spicer, and the Jack Rollins estate was conveyed to William Rollins, his heirs and assigns.

The Deed of Partition also refers to a plat made February 6, 1914 "for a more accurate description." In fact, two survey plats were recorded on a single page following the Deed of Partition (Deed Book 33, page 200). One plat indicated that it was surveyed for Abram, while the other was surveyed for William. The plats were recorded on February 5, 1914. The plats clearly include both the Saunders and Winston tracts, all of the property owned by Abram and William in 1914. The Deed of Partition, however, only describes a portion of the land shown on the plats, the Saunders tract.

The Poindexters, heirs and assigns of Abram Rollins, filed a bill of complaint in the trial court requesting the court to determine the boundaries of the land owned by Abram at his death. After a hearing, the commissioner in chancery held that the 1914 Deed of Partition and accompanying plat had given Abram Rollins, his heirs and assigns, approximately twenty acres comprised of the western half of the original Saunders and Winston tracts. William Rollins, his heirs, and assigns received the eastern half of those same tracts. The commissioner ruled that the precise description and dividing line was reflected in the plats found on page 200 of County Deed Book 33. The commissioner taxed the cost of the proceedings equally among the parties.

Both sides filed exceptions to the report. The circuit court overruled all exceptions and entered the final order confirming the commissioner's report.

The Poindexters complain that the trial court improperly considered the plats and extrinsic evidence, including parol evidence, to ascertain the intent of the parties to the 1914 Deed of Partition. They contend that the Deed of Partition is complete and unambiguous on its face; therefore, additional evidence of intent is neither required nor allowed.

█ It is well established that the primary consideration in construing deeds is to determine the intention of the parties executing the instrument. *See Allen* v. *Green*, 229 Va. 588, 593, 331 S.E.2d 472, 475 (1985); *Fitzgerald* v. *Fitzgerald*, 194 Va. 925, 929, 76 S.E.2d 204, 207 (1953). It is also well established that

"[w]here a map of land is referred to in a deed for the purpose of fixing its boundaries, the effect is the same as if it were copied into the deed." *State Savings Bank* v. *Stewart*, 93 Va. 447, 453, 25 S.E. 543, 544 (1896) (citations omitted). *See also Faison* v. *Union Camp*, 224 Va. 54, 59, 294 S.E.2d 821, 824 (1982); *Richardson* v. *Hoskins Lumber Company*, 111 Va. 755, 757, 69 S.E. 935, 936 (1911).

■ In the instant case it is clear that the parties to the Deed of Partition intended that the plats be utilized in determining the precise boundaries of the partitioned parcels. The discrepancy in the dates, February 5 for February 6, is not sufficient in our view to undermine the trial court's finding that the clear intent of the parties was to rely on the Watkins survey for a complete description of the property.

■ In this case, considering the deed and plats as a single instrument renders ambiguous the precise intent of the parties concerning the amount of land covered by the partition. To resolve the ambiguity, the commissioner correctly admitted extrinsic and parol evidence. *See, e.g., Renner Plumbing* v. *Renner*, 225 Va. 508, 515, 303 S.E.2d 894, 898 (1983); *Camp* v. *Camp*, 220 Va. 595, 598, 260 S.E.2d 243, 245 (1979).

■ The evidence allowed by the commissioner indicates that since 1914 the eastern parcel of land shown in the Watkins survey has been taxed in the name of William Rollins. The land to the west of the dividing line in the Watkins survey was shown separately on the tax maps and originally was taxed to Abram Rollins. Subsequent conveyances made in 1964, 1972, and 1973 by the heirs and assigns of Abram Rollins uniformly have been limited to the area shown as the western tract in the Watkins survey. The language of these conveyances, including the use of the words "residue of estate of Abram Rollins" and reference to the 1914 Deed of Partition, supports the commissioner's findings that the parties intended by the 1914 Deed of Partition to partition both the Saunders and Winston tracts between William and Abram Rollins. The tracts were divided by a north/south line which gave Abram Rollins the land lying to the west of the line and William Rollins the land lying to the east of the line. This result is further corroborated by the parol testimony appropriately admitted by the commissioner.

The evidence considered by the commissioner and adopted by the trial court demonstrates that the 1914 Deed of Partition was

intended to, and did in fact, convey 19.05 acres west of a line described in the deed and shown on the Watkins survey to Abram Rollins and approximately 20.05 acres east of that line to William Rollins.

Finding no error in the decree confirming the commissioner's report, we will affirm the decree.

*Affirmed.*