# CIRCUIT COURT OF FAIRFAX COUNTY

Garland J. Welch
and Barbara Jean Welch

v.

Richard F. MacDowell, Sr., et al.

April 22, 1991

Case No. (Chancery) 113154

BY JUDGE JOHANNA L. FITZPATRICK

This case was heard by the Court on the 16th and 17th day of March, 1991, upon the Amended Motion for Judgment filed by the Plaintiffs, Garland J. Welch and Barbara Jean Welch, and on the Counterclaim filed by Defendant, Richard F. MacDowell, Sr. By the conclusion of trial, Plaintiffs proceeded only on Count I, and Defendant MacDowell presented no evidence on his Counterclaim. Count I of the Plaintiff's Amended Motion for Judgment prays for judgment declaring that the Plaintiffs have an easement of record across a parcel of land owned by the Defendant. The Court took the case under advisement pending the submission of the additional deposition of Ms. Bridge. I have considered all the evidence presented, the "view" which was taken at the request of both parties, the law argued, and the briefs submitted by both sides. Based on this, judgment is entered for the Plaintiffs declaring the Plaintiffs' right to an easement on the existing outlet road as it crosses Defendant's property in its present location and permanently enjoins the Defendant from interfering with or obstructing the Plaintiffs' use of the right of way.

The relevant chronology of the disputed easement begins by deed dated September 2, 1961, and recorded October 16, 1961, in Deed Book 2060, at page 164, wherein Calvin L. Hawkins et ux., conveyed a one-acre tract to Charles F. Armstrong et ux. This conveyance was made "subject to a 16 foot outlet road along the southwesterly boundary." Similarly, by deed dated

September 2, 1961, and recorded November 28, 1961, in Deed Book 2076, at page 333, among the land records of Fairfax County, S. H. Hammer et ux., conveyed to Charles F. Armstrong et ux., two acres adjoining the one-acre Hawkins tract, which property contains the gravel driveway which is the subject of this suit. The deed from Hammer to Armstrong states, in pertinent part, that the conveyance was made:

> subject to the existing driveway as shown on the plat entitled "The Armstrong Property," made by Berry Engineers, Civil Engineers and Land Surveyors, dated August 18, 1961.

Therefore, the language of the Hammer/Armstrong Deed located the easement/"existing driveway" by reference to a Berry plat dated August 18, 1961. Notably, the Berry Engineers produced at least two plats, neither recorded in the Fairfax County land records, dated August 18, 1961. Of the two Berry plats tendered to the Court, one plat shows the approximate alignment of the existing drive across the two-acre parcel while the other plat omits the approximate alignment of the existing drive.

By deed dated April 26, 1962, and recorded on May 7, 1962, in Deed Book 2134, at page 254, S. H. Hammer et ux., conveyed the balance of his acreage to Kenneth W. Latham and Dorothy B. Dunn. This conveyance was made "together with the existing right-of-way across the southwest corner [of the adjacent two acres purchased by Armstrong] and along the southerly boundary of [both the one and two acre parcels purchased by Armstrong] as shown on the plat of 'The Armstrong Property,' dated August 18, 1961, made by Berry Engineers and together with an outlet road 16 feet wide along the southerly boundary of [adjacent one and two acre parcels purchased by Armstrong] and continuing to Beulah Road [formerly 'Vienna Road'] as shown on said plat of record in Deed Book M, No. 6, at page 176."

By deed dated January 30, 1969, and recorded on February 6, 1969, in Deed Book 3135, at page 537, Kenneth W. Latham and Dorothy B. Dunn conveyed their parcel to the Plaintiffs, Garland J. Welch and Barbara Jean Welch. The conveyance was made "together with the right to use a 16 foot outlet road to Beulah Road as shown on the plat in Deed Book M-6, at page 174 . . . ." The Plaintiffs are presently the owners of real estate in Fairfax County located at 9524 Leemay Street, Vienna, Virginia 22180. The real estate has the following legal description:

Lot 3, Highview Three, as the same appears duly dedicated, platted and recorded in Deed Book 5452 at page 633, among the land records of Fairfax County, Virginia.

*Together with the right to use a 16 foot outlet road to Beulah Road as shown on a plat in Deed Book M-6, at page 174, among the said land records.*

And being a part of the property conveyed to Garland J. Welch and Barbara Jean Welch from Kenneth W. Latham and Martha Ann Latham, his wife, and Dorothy B. Dunn, under Deed dated January 30, 1969, and recorded on February 6, 1969, in Deed Book 3135, at page 537, among the land records of Fairfax County, Virginia.

(Emphasis added.)

By deed dated January 2, 1980, and recorded on January 4, 1980, in Deed Book 5392, at page 244, the Armstrongs conveyed their adjoining one and two acre parcels to the Defendant and his former wife. The conveyance of the one-acre tract was made "subject to a 16 foot outlet road along the southwesterly boundary." Similarly, the conveyance of the two-acre tract was made "subject to the existing driveway as shown on the plat entitled, 'The Armstrong Property' made by Berry Engineers, dated August 18, 1961." Defendant MacDowell is presently the owner of all, or part, of three real estate parcels in Fairfax County. The real estate parcels, located at 9518, 9520, and 9522 Leemay Street, Vienna, Virginia 22180, have the following legal descriptions:

*9518 Leemay Street*

Beginning at a monument at corner to Dodd Manor Subdivision and an angle point in the line of Rodier Subdivision; thence with Rodier Subdivision S. 47 degrees 20' 10" W. Passing over a stone at 369.44 ft. in all 385.44 ft. to a pipe in the line of Dodson Subdivision; thence with Dodson Subdivision and the same course continued with Cochran N. 42 degrees 42' 03" W. Passing over old pipe a corner to Cochran at 71.31 ft. in all 112.82 ft. to a pipe a corner to S. H. Hammer; thence with Hammer N. 47 degrees 20' 10" E. 385.58 ft. to a pipe in the original outside boundary of the S. H. Hammer property and being about 4 ft. southerly from the Dodd Manor Subdivision line as occupied on the ground; thence with the original S. H. Hammer property and converging on the Dodd Manor line S. 42 degrees 37' 40" E. 112.82 ft. to the beginning, containing .9985 acres; subject to 16 ft. outlet road along the southwesterly boundary.

And being the same property conveyed to Richard F. MacDowell, Sr., and Mary C. MacDowell, by Deed recorded in Deed Book 2550, at page 1, among the land records of Fairfax County, Virginia.

*9520 Leemay Street*

Lot Two (2) of MacDowell Subdivision as duly platted and recorded among the land records of Fairfax County at Deed Book 6058 at page 1692, containing 1.216 acres.

And being the same property conveyed to Richard F. MacDowell, Sr., as and for his sole and separate equitable estate by Deed recorded in Deed Book 7288, at page 996, among the aforesaid land records.

Subject, however, to restrictions and rights of record.

*9522 Leemay Street*

Lot One (1) of MacDowell Subdivision as duly platted and recorded among the land records of Fairfax County at Deed Book 6058 at page 1692, containing .8785 acres.

And being the same property conveyed to Richard F. MacDowell, Sr., as and for his sole and separate equitable estate by Deed recorded in Deed Book 7288, at page 993, among the aforesaid land records.

Subject, however, to restrictions and rights of record.

Lot Two (2) of MacDowell Subdivision as duly platted and recorded among the land records of Fairfax County at Deed Book 6058 at page 1692, containing 1.216 acres.

And being the same property conveyed to Richard F. MacDowell, Sr., as and for his sole and separate equitable estate by Deed recorded in Deed Book 7288, at page 996, among the aforesaid land records.

*Subject, however, to restrictions and rights of record.*

(Emphasis added.)

The Plaintiffs' Amended Motion for Judgment seeks a determination of a disputed easement across a gravel driveway on Defendant MacDowell's property located at 9522 Leemay Street. The Court finds that the deed from Hammer to Armstrong directly establishes the Plaintiffs' easement of record. Indeed, because the Hammer/Armstrong conveyance was made "subject to existing driveway as shown on the plat entitled 'The Armstrong Property,' and the deed from Armstrong to Defendant MacDowell contains similar restrictive language, *see* Deed Book 5392, at page 244, 245, it is clear that the land now owned by Defendant MacDowell is subject to the existing driveway.

The Defendant argues, despite his awareness of the restriction in the Armstrong/MacDowell Deed, that the language in the Hammer/Armstrong Deed is ambiguous because it located the disputed easement by referring to one of two known Berry plats dated August 18, 1961. The Defendant contends that the ambiguity posed by the Berry plat reference should be interpreted by examining the intentions of the parties. *See Poindexter v. Molton*, 237 Va. 448 (1989). The Court finds, however, that the location of the easement is conclusively established by the Hammer/Armstrong Deed because only one of the two plats shows the approximate location of the *"existing driveway."* (Emphasis added.) In other words, because the Berry plat tendered to this court by Defendant MacDowell depicts no driveway at all, the Court finds, despite the Defendant's attempt to show ambiguity, there is none. The evidence presented, primarily in the deposition of Ms. Bridge, does not present credible evidence to show the existing driveway has ever been in a location different from where it is today or that the parties ever contemplated a "road to be provided." In fact, the evidence properly before the court reflects: (1) since the property was originally partitioned in 1903, every deed conveying either of the two parcels presently owned by the parties has provided for ingress and egress to Beulah Road, (2) the drive has been in continuous use since at least 1935, and (3) the Plaintiffs have continuously used the drive since 1969. As such, the Court finds that the Plaintiffs' use was established by *"grant"* and not by necessity, prescription, or implication.

The real issue then becomes whether the Plaintiffs' easement by grant "falls to the ground" because the Plaintiffs now have an alternate exit from their property. I find that the Plaintiffs' easement of record, even if necessary when granted, does not terminate because the necessity may or may not have ceased when an alternate/inferior passage resulted from a subsequent subdivision. Although the Court has cited no Virginia decision in which this principle has been applied, the Supreme Court of Appeals of West Virginia in *Moyer v. Martin*, 131 S.E. 859 (W. Va. 1926), has held:

> the rule that the right of way by necessity is extinguished when the necessity to use it ceases has no application to ways acquired by grant. In such cases, the owner of the easement may have one or more convenient ways of ingress and egress, but that fact cannot rob him of his grant.

*See also*, 3 Tiffany, *Real Property*, 3d ed., § 817; e.g., *National Lead Co. v. Kanawha Block Co.*, 288 F. Supp. 357 (S.D. W. Va. 1968).

The Court finds that the cases cited by the Defendant, specifically *American Oil Co. v. Leaman*, 199 Va. 637, 101 S.E.2d 540 (1958), and *McCreery v. Chesapeake Corp.*, 220 Va. 227, 257 S.E.2d 828 (1979), are distinguishable from the instant case. In *American Oil Co. v. Leaman, id.* at 652 (quoting 3 Tiffany, *Real Property*, 3d ed., § 817, p. 368), the Court stated:

> It has been said that when an easement is created for a particular purpose, it comes to an end upon a cessation of that purpose . . . .

In *American Oil Co. v. Leaman, id.*, the plaintiff's easement was extinguished by cessation of the purpose for which it was granted, when the portion of route 630 to which the easement connected was legally abandoned and closed by formal action of the County Board of Supervisors. Therefore, no use could be made of the easement. Nonetheless, in the case at bar, the easement was created for the "purpose" of providing access to Beulah Road (formerly Vienna Road). Therefore, because the Plaintiff's easement of record still subserves the "purpose" for which it was granted, the Plaintiff's easement may not be extinguished. *See* 3 Tiffany, *Real Property*, 3d ed, § 817, p. 370. ("That an easement of a right of way, created by a grant thereof in express terms, was at the time of the grant necessary for the purpose of access to the dominant tenement has not been regarded as a reason for holding the easement extinguished when the necessity ceases.")

I am aware that Mr. MacDowell built a large and costly house on his subdivided property and that he views the easement as an impediment to sale, but the Court is unable to cure this problem. The easement was there by grant and has been used and maintained continuously by the Plaintiffs; its use continues, and the Defendant had knowledge of its placement.