Present:  All the Justices

DAVID AUERBACH, ET AL.

OPINION BY JUSTICE LAWRENCE L. KOONTZ, JR.
v. Record No.  960062                    November 1, 1996

COUNTY OF HANOVER, ET AL.

FROM THE CIRCUIT COURT OF HANOVER COUNTY
Richard H.C. Taylor, Judge


This appeal arises from the trial court's judgment reversing the denial by a county subdivision agent of a proposed subdivision plat for a tract of land owned by Hubert C. and Pamela M. Mentz (the Mentzes).  The agent refused to approve the proposed subdivision by the Mentzes primarily on the ground that an easement of right-of-way across an adjoining servient estate did not serve the entire subdivision and was, therefore, inadequate to provide the access required under a local zoning ordinance.  The appellants, owners of the servient estate and intervenors below, assert that the trial court erred in finding that the easement serves the entire proposed subdivision and directing the County to approve the plat.  Finding no error, we will affirm the judgment of the trial court.

In 1986, the Mentzes acquired title to a tract of land consisting of approximately 122.5 acres in Hanover County (the 1986 tract) by deed recorded in the clerk's office of the circuit court in deed book 659 at page 707.  Access from the 1986 tract to State Route 606 was provided by an easement granted to the Mentzes' predecessors in title across an adjoining servient estate.  The record shows also that the easement originally attached to the 1986 tract was limited to farm vehicles and

vehicles for the residences on the 122.5 acres at the time the easement was created.  In 1991, the Mentzes acquired a portion of a tract adjoining the 1986 tract consisting of approximately 10 acres (the 1991 tract) with direct access to State Route 606.

In 1992, the Mentzes entered into a contract to convey a section of the 1991 tract to David Auerbach and Susan C. Ortmann (the Auerbachs).  The deed conveying "Parcel A" and recorded in deed book 972 at page 340 includes the following language:

[The Mentzes] . . . convey unto [the Auerbachs] . . . the following described property, to-wit:

ALL that certain piece and parcel of land . . . being more particularly described as Parcel A on a plat of two parcels of land . . . dated January 9, 1991 and revised on August 18, 1992 and recorded herewith.

. . . .

[The Mentzes] hereby reserve an easement of right-of-way 50 feet in width along the western line of Parcel A leading from State Route 606 to Parcel B <u>as a means of ingress and egress to and from Parcel B and State Route 606</u>, said easement being shown as lying on the westerly side of Parcel A on the hereinabove described plat.

[The Mentzes] do further grant and convey unto [the Auerbachs] a first right of refusal to purchase Parcel B consisting of 7.422 acres should [the Mentzes] sell that parcel of land.

[The Mentzes] do hereby correct a certain plat drawn by Goodfellow, Jalbert, Beard and Associates Inc. dated January 9, 1991 and recorded in Deed Book 934, Page 653, Clerk's Office of the Circuit Court of Hanover County, which plat contains a description of 10 acres including Parcel A hereinabove described.  The aforesaid plat recorded herewith is substituted for the plat recorded in Deed Book 934, Page 653 and the description is corrected to refer to two parcels, A and B.  <u>Parcel B containing 7.422 acres is added on to the property described in Deed Book 659, Page 707 as an add-on, not for the purposes of creating additional building lots</u>.

(Emphasis added.)

Shortly after this deed was recorded, a dispute arose between the Mentzes and the Auerbachs over the scope of the easement. The Mentzes instituted a chancery suit for declaratory judgment and other equitable relief against the Auerbachs seeking to establish that the easement over Parcel A was servient to the 1986 tract by virtue of Parcel B being added on to the larger tract, thus creating a single unitary tract (the combined tract) of approximately 129 acres.

During the pending dispute over the scope of the easement, the Mentzes proceeded with having the subdivision of the combined tract, including an access road over the Parcel A easement, platted. This subdivision plat was submitted to Hanover County for zoning approval on June 17, 1994. The plat was disapproved on July 22, 1994. A resubmitted plat was also disapproved later in 1994. In each case, the zoning authority cited the limited access provided by the Parcel A easement as one of the reasons for disapproving the subdivision plat.

On October 13, 1994, the Mentzes filed an appeal in the trial court challenging the zoning authority's denial of the plat. On December 19, 1994, the Auerbachs filed a petition to intervene in that proceeding. In their petition, the Auerbachs contended that their interest in the proceeding arose out of the pending chancery suit for declaratory judgment filed against them by the Mentzes. The petition asserted that the resolution of the appeal in favor of the County essentially would moot the claims in the other suit. The motion to intervene was granted on March

23, 1995 and the pending declaratory judgment suit was stayed.

The parties submitted briefs including substantial appendices of extrinsic evidence and argued their positions before the trial court on July 25, 1995. The parties agreed, as they do here, that the dispositive issue was whether the easement served the combined tract or merely Parcel B. Thereafter, the trial court issued a final order directing that the County approve the subdivision plat stating, "After a thorough examination of the Deed and Plat it is clear to the Court that the 50 foot easement reserved benefits the whole 129, more or less, acre tract [the combined tract] belonging to the [Mentzes]." We awarded the Auerbachs this appeal.

The Auerbachs contend the language of the deed restricts the use of the easement serving the 7.4 acres of Parcel B because the specific language creating the easement makes no mention of the larger 1986 tract. However, we are not permitted to read the language creating the easement in isolation from the remainder of the deed. To ascertain the intent of the grantors, the deed is to be examined as a whole and effect given to all of its terms and provisions not inconsistent with some principle of law or rule of property. See Fitzgerald v. Fitzgerald, 194 Va. 925, 929, 76 S.E.2d 204, 207 (1953).

In Faison v. Union Camp Corporation, 224 Va. 54, 294 S.E.2d 821 (1982), we held that where a deed incorporates a plat by reference, "that plat must be considered 'part of the instrument itself.'" Id. at 59, 294 S.E.2d at 824 (quoting Richardson v. Hoskins Lumber Co., 111 Va. 755, 757, 69 S.E. 935, 936 (1911)).

Moreover, references on the plat to deeds recorded incorporate the legal descriptions of those deeds into the plat and, thus, into any subsequent deeds referencing the plat.  Id.

The same principles apply to the facts of this case.  The terms "Parcel A" and "Parcel B" are nowhere sufficiently described in the text of the deed itself.  Without reference to the incorporated plat, there would be an ambiguity in the deed.  However, the clear and unambiguous language on the incorporated plat and its depiction of the perimeter metes and bounds of these parcels resolves any possible ambiguity and establishes the grantors' intent.

Read together, the deed and the plat incorporated therein establish that the 1991 tract was divided into two separate tracts.  Parcel A, the smaller of the two tracts, was conveyed by the deed subject to a fifty-foot-wide easement of ingress and egress along its westerly edge between State Route 606 and the remainder of the 1991 tract.  Both the deed and the plat make clear that this remainder, designated as Parcel B, is an "add-on" parcel to the 1986 tract, described on the plat both in the metes and bounds depiction and in a marginal note by reference to the deed recorded in deed book 659 at page 707.

Since "add-on" is not a term of art with a recognized meaning in law, we must assume that it has its usual and ordinary meaning.  Conner v. Hendrix, 194 Va. 17, 25, 72 S.E.2d 259, 264 (1952).  In the present context, we think such a meaning is something added on or an addition to something which creates a larger whole.  Thus, by the express language of the deed and its

incorporated plat, Parcel A was conveyed to the Auerbachs subject to an easement in favor of Parcel B.  However, as described by the deed and the incorporated plat, Parcel B is not merely the remaining 7.4 acres of the 1991 tract, but that acreage added onto the 1986 tract and creating the combined tract of approximately 129 acres.

The provision for a right of first refusal to purchase "Parcel B consisting of 7.422 acres" in the deed does not alter our conclusion.  That provision is expressly limited to the 7.422 acre tract for the purpose of the right of first refusal to purchase should the Mentzes sell that tract.  Nothing in the right is inconsistent with Parcel B being added onto the 1986 tract to create the combined tract.  Rather, this right merely prohibits the Mentzes from selling the Parcel B portion of the combined tract at a later date without first offering it to the Auerbachs.  See Lake of the Woods Assoc. v. McHugh, 238 Va. 1, 5, 380 S.E.2d 872, 874 (1989) ("the right of first refusal only becomes operative if and when the owner decides to sell").

Nor does the deed's restriction on the add-on of Parcel B as "not for the purposes of creating additional building lots" exclude a finding that the easement serves the combined tract. To the contrary, this restriction clearly contemplates that the combined tract may be subdivided into building lots.  The restriction on the use of the portion of the combined tract added-on from the 1991 tract clearly connotes that the add-on parcel serves some other purpose--namely to permit creation of the easement servient to the combined tract.

We hold that the grantors' intent, express and unambiguous on the face of the deed, its incorporated plat, and all the references thereon, was to establish an easement over Parcel A servient to the combined tract of approximately 129 acres rather than merely to the 7.4 acres of "Parcel B."[*] Accordingly, we will affirm the order of the trial court.

<u>Affirmed</u>.

CHIEF JUSTICE CARRICO, with whom JUSTICE HASSELL and JUSTICE KEENAN join, dissenting.

Obviously uncertain that the Mentz to Auerbach deed is sufficient in its own terms to impose upon Parcel A the extra burden of an easement appurtenant to the 122.5-acre Mentz tract, the majority strives to convince the reader that any uncertainty is removed when the deed is read together with the incorporated plat. But the plat does not aid the position taken by the majority; all the majority can point to on the plat is the "add-on" language similar to the language contained in the deed. So, if the deed is not sufficient in and of itself, it is not sufficient even with the plat.

Be that as it may, the deed, in unmistakable terms, reserves "an easement of right-of-way 50 feet in width along the western line of Parcel A leading from State Route 606 <u>to Parcel B</u> as a

---

[*] Appellants further assert that the trial court erred in receiving and considering parol evidence in interpreting the deed creating the easement when there was no ambiguity in that deed. Because we hold that the deed, when properly examined, grants an easement serving the entire area of the subdivision, we need not consider whether the trial court's judgment was influenced by the parol evidence. <u>See</u>, <u>e.g.</u>, <u>Doswell Ltd. Partnership v. Virginia Power</u>, 251 Va. 215, 222, 468 S.E.2d 84, 88 (1996).

means of ingress and egress to and from Parcel B and State Route 606." (Emphasis added.) Nothing in this language even suggests that the easement shall also be appurtenant to the 122.5-acre tract. Furthermore, the plat graphically depicts the easement exactly as it is described in the deed, with the easement shown touching Parcel B at a point several hundred feet from the nearest line of the 122.5-acre tract. Nothing in this depiction indicates that the easement is also appurtenant to the 122.5-acre tract.

Then comes the language that is so crucial to the result reached by the majority, viz., "Parcel B . . . is added on to the [122.5-acre tract] as an add-on." This language is contained in a paragraph which states that it is included in the deed for the purpose of correcting a certain plat and which also states that the correction is made "not for the purposes of creating additional building lots."

Now, one would think that if it were the intention of the parties to make the easement in question appurtenant to the 122.5-acre tract, a most important result to all concerned, they surely could have found clear and direct language to express their intention, rather than the incomprehensible "added on . . . as an add-on" language. As it is, I think that the language used adds nothing even remotely connecting the use of the easement to the 122.5-acre tract. At least, I hope we have not yet reached the point where we will allow such meaningless language to be considered sufficient to affect estates in land. I would reverse the judgment of the trial court and enter final judgment here in

favor of Auerbach and Ortmann.