## CIRCUIT COURT OF FRANKLIN COUNTY

Frances A. McBane et al.

v.

Bernard's Landing
Comprehensive Property
Owners Assn., Inc.

March 28, 2003

Case No. CH02-08-8765

BY JUDGE WILLIAM N. ALEXANDER, II

I have received, reviewed, and considered the memoranda submitted as well as the arguments of counsel presented at the hearing in this matter on January 6, 2003.

Plaintiffs intend to present parol evidence as to promises or representations made by the "developer, its responsible officers, agents, servants, employees, successors, and assigns." The evidence will be offered to establish that it was the intent of the parties that convenience docks be built only on the sites in front of Crown Point and the common areas of Clusters 1 to 8 as shown on the development plans. Defendant has filed a motion in limine to preclude any evidence as to representations made by the developer or anyone else as to the location of any floating convenience docks or boat slips.

Some of the plats referenced in plaintiffs' Bill of Complaint have a NOTES section containing eight numbered paragraphs. The plats for Clusters 5, 6, 7, and 21 do not contain these NOTES. Note (1) states: "DOCKS AND BEACHES TO BE CONSTRUCTED AS PER DEVELOPMENT PLANS." In essence, plaintiffs maintain that these notes have been incorporated by reference in their various deeds or deeds in their chain of title and, specifically, that this is a restrictive covenant which prohibits the defendant from constructing docks at any location except as shown on the referenced plans. Assuming, but not deciding, that the language cited has been incorporated by reference into the deeds, this language is, at best, ambiguous and susceptible to several interpretations.

One interpretation might be, as plaintiffs contend, that only those docks shown on the plans are to be constructed precluding docks in other locations. Another is that, at the very least, the developer must construct those docks shown on the plans. A third is that the docks must be built as shown on the plans, not referring to location at all, but to the style, materials to be used, etc.

If the language in a deed clearly establishes the intent of the parties, parol evidence is not admissible to resolve an ambiguity elsewhere in the deed. All conveyances to plaintiffs, or at least a deed in each plaintiffs' chain of title, are ▯made subject to all easements and conditions of record . . . affecting . . . the property . . . and specifically those set forth in a 'Declaration of Rights, Covenants, Restrictions, Conditions, and Obligations of Bernard's Landing' of record . . . as amended. . . ." In the Declaration of Rights, the developer specifically reserved "the sole and exclusive right to establish docks on the shoreline. . . ." and provided that "[T]he appearance, use, and location of said docks shall be within the sole discretion. . . ." of the developer. The intent expressed is clear and decisive and prevails over the ambiguous Note # (1) on the plats. No parol evidence is needed to ascertain the intent of the parties.

As to whether the plats have been incorporated by reference in plaintiffs' deeds, I find this is not the case. In each of plaintiffs' deeds, the developer used language similar to that in the Powers' deed to describe the property being conveyed. That language is:

> all that certain lot . . . more particularly described as . . . Lot # A,
> Cluster # 4, according to a two page plat. . . .

(There follows the information as to the plat: title of the plat, by whom made, and the recording details.)

When a clause in a deed incorporates a plat by reference, that plat has to be considered a part of the deed itself. *Faison v. Union Camp*, 224 Va. 54, 59 (1982). A part of the plat can be incorporated without incorporating the whole plat and everything appearing on the plat. This deed language does incorporate by reference the description of the lot as shown on the plat but does not incorporate by reference the whole plat and all its notations. The deed makes no mention of any restrictions on the plat. Nowhere else in the rather lengthy deeds is this plat mentioned. The plat was referenced solely to describe and identify the property conveyed. The deeds incorporate only that part of the plat that describes the property being conveyed. The deeds do reference the Declaration of Rights to particularly describe the easements, restrictions, reservations, and conditions affecting the property.

For these reasons, Defendant's motion in limine is granted.