# BLUE RIDGE CONSTRUCTION CORP.

## v.

# STAFFORD DEVELOPMENT GROUP, ET AL.

Record No. 911279

September 18, 1992

Present: All the Justices

*David R. Clarke (Blankingship & Keith,* on briefs), for appellant.
*Gerald F. Daltan (Scott, Daltan & Van Lear,* on brief), for appellee Stafford Development Group.

No brief or argument for appellees Dominion Bank of Richmond, National Association; James L. Gill, Trustee; Kevin S. Jones, Trustee; B. Calvin Burns, a/k/a Calvin B. Burns; A & P Water & Sewer Supplies, Inc.; Rodney G. Goggin, Trustee; and Phillip Sasser, Jr., Trustee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal from the dismissal of a bill of complaint in a creditor's rights suit, we determine the validity of a mechanic's lien filed against a parcel of land which purportedly had been subdivided by an unrecorded preliminary plan.

The facts were stipulated by the litigants. Stafford Development Group, a Virginia general partnership, purchased three separate tracts of land which were conveyed by a single deed on February 15, 1989. One of the tracts, identified as Parcel 4, contained approximately 79.7 unimproved acres. Stafford Development Group subsequently conveyed portions of this parcel to third parties who are not involved in this litigation. These conveyances separated the remaining property into two noncontiguous subparts consisting of 45.6 acres total, hereinafter referred to as "the property."

In December 1988, before Stafford Development Group's acquisition of the property, an architectural firm prepared a preliminary plan of subdivision. The preliminary plan would have created a subdivision consisting of 19 separate lots. The property, however, was not subdivided by an approved and recorded plat of subdivision. On February 21, 1989, Blue Ridge Construction Corporation, which is a

general contractor, and Stafford Development Group executed a contract. Pursuant to the terms of the contract, Blue Ridge agreed to construct an access road which would serve lots 8 through 19, identified on the preliminary plan. Blue Ridge also agreed to install a water main line in the road right-of-way to serve those same lots.

Stafford Development Group and Blue Ridge executed a second contract on August 8, 1989 which required that Blue Ridge perform certain clearing and grading activities and install sanitary sewer mains and laterals. This contract described the area in which the work was to be performed as lots 12, 13, 14, and 15 on the preliminary plan. Blue Ridge did not perform any work on lots 1 through 7 on the preliminary plan.

On April 26, 1990, Blue Ridge filed its memorandum for mechanic's lien in the amount of $405,489.24. The description of the property subject to the lien included the metes and bounds description of the entire 45.6 acres of the property. A copy of the unrecorded preliminary plan was attached to the lien memorandum. Thereafter, Blue Ridge filed a bill of complaint to enforce its mechanic's lien against Stafford Development Group; Dominion Bank of Richmond, National Association; James L. Gill, Trustee; Kevin S. Jones, Trustee; B. Calvin Burns; Rodney G. Goggin, Trustee; Phillip Sasser, Jr., Trustee; and A&P Water & Sewer Supplies, Inc.

Stafford Development Group filed a motion to determine the validity of Blue Ridge's lien, as permitted by Code § 43-17.1.[1] Stafford argued, and the trial court agreed, that the lien is over-inclusive and, therefore, invalid and unenforceable. We awarded Blue Ridge an appeal.

Blue Ridge argues that its lien is not over-inclusive because Stafford Development Group had not obtained an approved and recorded subdivision plat as required by Code § 15.1-475.[2] Blue

---

[1] Code § 43-17.1 states, in part:

Any party, having an interest in real property against which a lien has been filed, may, upon a showing of good cause, petition the court of equity having jurisdiction . . . to hold a hearing to determine the validity of any perfected lien on the property.

[2] Code § 15.1-475 states, in part:

Whenever the owner or proprietor of any tract of land located within any territory to which a subdivision ordinance applies desires to subdivide the same, he shall submit a plat of the proposed subdivision to the local commission of the county or municipality, or an agent designated by the governing body thereof for such purpose.

Ridge also contends that the property which is described by the metes and bounds description contained in the mechanic's lien memorandum is a single parcel. Stafford Development Group argues that the lien is over-inclusive because its property is not a single parcel, but rather two separate non-contiguous parcels and that Blue Ridge could have described the property subject to its lien by excluding lots 1 through 7 as shown on the unapproved preliminary plan.

■ Code § 43-3, which creates the mechanic's lien, states, in relevant part:

> (a) All persons performing labor or furnishing materials of the value of fifty dollars or more, for the construction, removal, repair or improvement of any building or structure permanently annexed to the freehold . . . shall have a lien, if perfected as hereinafter provided, upon such building or structure, and so much land therewith as shall be necessary for the convenient use and enjoyment thereof.

Recently, we have considered whether certain mechanic's liens were over-inclusive and, therefore, void and unenforceable. In *Woodington Electric* v. *Lincoln Savings*, 238 Va. 623, 385 S.E.2d 872 (1989), we reviewed three cases that were consolidated for appeal. In each case, a mechanic asserted a lien against several parcels of property even though the mechanic had not performed any work or added value to all parcels which were subject to the lien. Holding the liens invalid, we stated:

> [W]here, as here, a mechanic files a memorandum of mechanic's lien against two or more parcels but has not worked on all the parcels and where the mechanic attempts to enforce that lien against the several properties, that lien must be declared invalid in its entirety. Mechanic's lien law in Virginia will not permit a claimant to file an over-inclusive lien and then leave it to the trial court to excise any excess property. It is the mechanic's duty to place his lien upon the property on which he worked and no more.

*Id.* at 634, 385 S.E.2d at 878.

In *Rosser* v. *Cole*, 237 Va. 572, 379 S.E.2d 323 (1989), we also considered whether a mechanic's lien was over-inclusive and, therefore, invalid and unenforceable. Rosser recorded a plat subdividing 450 acres into 77 lots. The lots were served by a network of subdivision streets. Rosser executed a contract with Cole to clear and grade the roads. Cole filed a memorandum of mechanic's lien against the entire 450-acre tract even though he had not performed work on any of the 77 lots. We held that Cole's mechanic's lien was unenforceable because he could not acquire lien rights upon subdivided lots when he had only worked upon the roads and streets. *Id.* at 578, 379 S.E.2d at 327.

■ Neither *Woodington Electric* nor *Rosser* is controlling here. Unlike the lienor in *Woodington Electric*, Blue Ridge filed its memorandum of mechanic's lien against a single parcel of land, even though it contained two subparts which were created as a result of out conveyances. Additionally, unlike the landowner in *Rosser*, Stafford Development Group had not recorded or received approval of the plat of subdivision when Blue Ridge performed its work.

■ We hold that the memorandum of mechanic's lien filed by as Blue Ridge is not over-inclusive. A lienor, such as Blue Ridge, is entitled to rely upon the land records. In this case, those records reveal that the property consists of a single parcel, Parcel 4. While portions of that parcel were conveyed out, the metes and bounds description contained in the mechanic's lien memorandum is the correct legal description of the property remaining in Parcel 4, where Blue Ridge performed the work.

■ Contrary to assertions made by Stafford Development Group, Blue Ridge did not have an obligation to retain a surveyor and identify with greater precision the specific portions of the parcel where the work was performed. Such a requirement would impose an unreasonable burden upon a lienor and frustrate his efforts to perfect his lien. Rather, Stafford Development Group could have protected its interests by taking the appropriate steps to obtain the necessary approval of its proposed subdivision and properly record an approved plat among the land records in Stafford County.

Accordingly, we will reverse the judgment of the trial court and remand this case for further proceedings.

*Reversed and remanded.*