## CIRCUIT COURT OF FAIRFAX COUNTY

Diversified Development Co.

v.

Houchang Sendi
and Eloise Sendi

September 19, 1994

Case Nos. (Chancery) 129473 and 128952

BY JUDGE ROSEMARIE ANNUNZIATA

The defendants, Houchang Sendi, M.D., and Eloise Sendi, are the owners of real property in Fairfax County which they acquired by deed from Louise Dudley. The description in the deed from Mrs. Dudley to the Sendis contains a single metes and bounds description of the property and also states that the property described is the same land acquired by the Dudleys by two prior deeds.

Plaintiffs Diversified Development Co. and J. T. Hirst Co. brought suits to enforce mechanic's liens they filed against the Sendis' property. The Sendis thereafter sought summary judgment, contending that the mechanic's liens are invalid because: (1) they are overinclusive and (2) the memorandum of lien in the Hirst case fails to state that the affiant is the agent of Hirst. The matter was set for an evidentiary hearing before a Commissioner who found in favor of the plaintiffs on both arguments. The matter now before the Court is the Sendis' exceptions to the Commissioner's Report on the grounds set forth above and on the grounds that certain evidence was improperly found inadmissible. The exceptions to the Commissioner's Report are hereby overruled for the following reasons.

The Sendis contend that the mechanic's liens are overinclusive because the land subject to the liens is comprised of four separate parcels, while the contractors performed work on only one of the parcels. The Sendis

assert that, notwithstanding a single metes and bounds description of the entire piece of land in the deed filed in the land records of Fairfax County, the lienors were on notice that the land is comprised of four separate parcels because (1) their deed refers to two prior deeds, showing the land to be four separate parcels, and (2) the Fairfax County tax map shows the land to be four separate parcels.

The Commissioner found that when the land was deeded to the Sendis by Mrs. Dudley, the separate metes and bounds descriptions from the prior deeds were consolidated into a single metes and bounds description and that the lienors could rely on this description, it being the last one filed in the land records. The Commissioner also found that the tax records are not part of the land records and denied their admission into evidence.

In support of their exceptions to the Commissioner's Report, the Sendis cite the case of *Faison v. Union Camp Corp.*, 224 Va. 54 (1982), for the proposition that the mere description of historically separate parcels by a single metes and bounds description in a deed is insufficient to alter a parcel's historic boundary lines. *Faison* does not support this position. In *Faison* the Court was called upon to construe an ambiguous deed which contained separate and distinct descriptions of two parcels to be conveyed, together with a reference to a plat which showed the land to be a unitary parcel. In resolving the ambiguity in the deed as to the intent of the parties, the Virginia Supreme Court necessarily had to consider the descriptive clauses in the deed as well as the plat and concluded that the use of two descriptive clauses in the deed evidenced an intent that the parcels retain distinct identities. *Faison*, 224 Va. at 60.

In this case, the Sendis chose to have the land conveyed to them by a single metes and bounds description, thereby holding out the land as a single parcel. Furthermore, their deed is not ambiguous. Rather, it contains a single, clear description of the entire parcel. While there is reference to prior deeds, that reference in itself does not signal an intent to treat the parcel conveyed as anything other than a unitary tract.

Lienors have a duty to check the land records to obtain an accurate legal description of the land which they plan to subject to a lien. That duty was satisfied in this case, and the lienors are entitled to rely upon the land records and the legal description contained in them. *Blue Ridge Constr. Corp. v. Stafford Development*, 244 Va. 361 (1992).

With regard to the admissibility of the tax maps, I find that the lienors were not obligated to search the tax maps and that the Commissioner correctly found that the maps were inadmissible under *Smith v. Woodlawn*

*Construction Co.*, 235 Va. 424 (1989). The cases cited by the Sendis in support of their position are inapposite. *See., e.g., Sulphur Mines Co. v. Thompson*, 93 Va. 293 (1896), and *Ferris v. Snellings*, 213 Va. 452 (1972). (The court looked to the tax records to see who had paid taxes on the property in question as an indicia of ownership. Ownership of the parcels is not here in question.)

Finally, the Sendis contend that the affidavit submitted on behalf of J. T. Hirst Co., signed by Robert L. Hough, President, failed to meet the requirements of Va. Code § 43-4 which states that in order for a lien claimant to perfect a lien, a memorandum of lien must be filed and verified by the oath of the claimant or his agent. The Sendis cite *Clement v. Adams Bros. — Paynes Co.*, 113 Va. 547 (1911), in which the Virginia Supreme Court, in analyzing the mechanic's lien statute in effect at the time, found that the failure to write the word "agent" after the word "President" rendered the affidavit insufficient. Subsequent to the decision in *Clement*, however, the Virginia Legislature enacted Va. Code § 49-7, which makes officers and directors agents of corporations as a matter of law, without requiring "any special authorization therefore." By virtue of § 49-7, the president of a corporation is a general agent of the corporation with the authority to file affidavits on behalf of the corporation. As a general agent, neither individual authorization nor designation is required to make effective the president's agency status. I affirm Commissioner Karcha's finding that under this statute, Hirst's affidavit is sufficient.